UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID CONNOR,<br>Plaintiff,<br><br>v.<br><br>PENSKE TRUCK LEASING CO., L.P.,<br>Defendant. | CA 07 305 T<br>C.A. No.: |

**COMPLAINT**

1. Plaintiff David Connor ("Connor") is a citizen of the State of Rhode Island and resident of the Town of Portsmouth.

2. Upon information and belief, Defendant Penske Truck Leasing Co., L.P. ("Penske Leasing") is a Pennsylvania limited partnership with its principal place of business in Reading, Pennsylvania.

3. Upon information and belief Penkse Leasing has operations in Rhode Island.

4. At all times relevant hereto, Penske Leasing and Penske Corp. (hereinafter "Penske") were engaged in the leasing of trucks and trailers for commercial and other lessees.

5. Penske is subject to the jurisdiction of this Court, and the amount in controversy is sufficient to establish the jurisdiction of this Court.

6. At all relevant times, Connor was employed by AFC Cable Systems, Inc. ("AFC"), a manufacturer and seller of electrical materials. Connor worked as a truck driver in AFC's New Bedford, Massachusetts facility.

7. At all relevant times, Penske leased vehicles including trucks and semi-trailers to AFC for use in AFC's commercial activities.

8. On or about July 18, 2005, Connor suffered a severe shoulder injury while opening the defective rear door of a semi-trailer ("the Semi-trailer") leased to AFC by Penske.

9. Said injury has rendered Connor permanently disabled from employment.

## COUNT I - NEGLIGENCE

10. Connor incorporates by reference the allegations contained in paragraphs 1-9 of this Complaint.

11. Penske was negligent in its maintenance of the Semi-trailer, in its failure to detect the deficiency of manufacture, design, and maintenance of the Semi-trailer, and in other actions and omissions.

12. Penske's negligence has proximately caused damages to Connor including but not limited to physical injuries and loss of employment.

## COUNT II – STRICT LIABILITY

13. Connor incorporates by reference the allegations contained in paragraphs 1-9 of this Complaint.

14. Penske leased the Semi-trailer in a defective condition which was unreasonably dangerous.

15. The Semi-trailer was expected by Penske to, and did, reach AFC and Connor without substantial change in the condition in which it was leased.

16. Penske is subject to strict liability for the damages it has proximately caused to Connor, including but not limited to physical injuries and loss of employment.

COUNT III – IMPLIED WARRANTIES

17. Connor incorporates by reference the allegations contained in paragraphs 1-9 of this Complaint.

18. The aforementioned Semi-trailer was subject to implied warranties of merchantability. Said implied warranties included but are not limited to the following:

a. the construction, assembly, maintenance and delivery of the Semi-trailer would be such as to pass without objection in the trade under the description in the lease engagement, and

b. the construction, assembly, maintenance, and delivery of the Semi-trailer would render it fit for the ordinary purposes for which such Semi-trailers are used.

19. The Semi-trailer was subject to implied warranties of fitness for a particular use, of which Penske had reason to know at the time the lease contract was made, under R.I. Gen. Laws § 6A-2.1-213.

20. Penske's breach of its implied warranties of merchantability and fitness for particular use has proximately caused damages to Connor including but not limited to physical injuries and loss of employment.

WHEREFORE, Plaintiff demands that he be awarded damages, costs, attorney's fees and interest.

Jury Trial

Plaintiff demands a jury trial.

DAVID CONNOR
By his Attorney,
Pannone Lopes & Devereaux LLC

William E. O'Gara, Esquire (#4257)
317 Iron Horse Way, Suite 301
Providence, Rhode Island 02908
(401) 824-5100 (telephone)
(401) 824-5123 (facsimile)

Doc #6321